(No. 37064.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DANIEL ROGERS, Plaintiff in Error.

*Opinion filed February 1, 1963.*

DANIEL ROGERS, *pro se.*

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and EDWIN J. BELZ, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the Court:

Defendant, Daniel Rogers, pleaded guilty to the crime of voluntary manslaughter, and was sentenced by the criminal court of Cook County to a term of 12 years in the penitentiary. On this writ of error to review that judgment, defendant contends that he entered his plea of guilty on the advice of incompetent court-assigned counsel, who should have moved to dismiss the charges against him, since he was not tried within four months of his imprisonment, in violation of the Illinois Criminal Code. Ill. Rev. Stat. 1959, chap. 38, par. 748.

From the record it appears that defendant was arrested on January 18, 1961, and incarcerated in the Cook County jail. He was indicted for murder on March 9, 1961. On March 16, by order of the court, the cause was held on call to March 17, when it was continued to March 30 on defendant's motion. On that date the Public Defender was appointed as counsel for defendant, and, on order of the court, the case was continued to April 21. It was then continued by express consent and agreement between defendant, his counsel, and the State's Attorney to May 25, and subsequently to June 21 on motion of defendant.

At the hearing on June 21, defendant withdrew his plea

of not guilty and pleaded guilty to voluntary manslaughter. He claims on this writ of error that he did so because his counsel advised him that if he stood trial on the murder charge he would likely receive a 99-year sentence. The record indicates that the court advised defendant of the consequences of his plea of guilty to the charge of voluntary manslaughter, that he understood that he could be sentenced to a term of up to 14 years for that crime, and that he nevertheless persisted in this plea. The court then heard brief statements in aggravation and mitigation of the crime.

From that portion of the record it appears that at approximately 12:30 A.M. on January 1, 1961, defendant and decedent, Jewell Lee Hall, who had been his girl friend for some 10 to 12 years, were at a New Year's Eve party in an apartment at 843 West 68th Street, in Chicago, at which some 7 persons were present. They had all been drinking, and decedent asked defendant to accompany her to the corner. After she changed clothes, she told defendant to come on if he wanted to go with her, and walked out the door. Defendant followed her, and hit her at the base of her neck with his fist. He knocked her to the floor and continued hitting her in the face and head with the heel of his shoe. He was still kicking her when she was being dragged back into the room. Defendant refused to let anyone take her to the hospital, saying, "No one is going to take her anyplace." Decedent died on February 16, 1961, as a result of the injuries. It appears further that this was the first time that defendant, age 39, had ever been "in trouble" with the law. On the basis of these proceedings the trial court sentenced defendant to 12 years in the State penitentiary.

As grounds for reversal on this writ of error, defendant contends that he had only nominal representation of counsel, who failed to assert defendant's right to discharge under the four-months rule, and erroneously advised him to plead guilty to voluntary manslaughter.

From our review of the cases involving the incompetency of assigned counsel as grounds for setting aside a conviction on writ of error, we are cognizant of the duty of the trial court to see that such counsel has sufficient ability and experience to fairly represent the defendant, present his defense, and protect him from undue oppression. (*People* v. *Morris,* 3 Ill.2d 437, 444, 445. and cases cited therein.) In adjudging the conduct of defendant's counsel here, the court is limited on a writ of error to facts appearing in the trial court's record. *People* v. *Walker,* 13 Ill.2d 232, 235; *People* v. *Morris,* 3 Ill.2d 437, 445; *People* v. *Tamborski,* 415 Ill. 466, 473.

With respect to counsel's failure to move for a discharge under the "four months statute" of the Criminal Code (Ill. Rev. Stat. 1959, chap. 38, par. 748,) it is evident that such a motion is proper only where it can be established that defendant was not tried within four months of his incarceration, and that he neither caused nor contributed to the delay himself. (*People* v. *Hartman,* 408 Ill. 133; *People* v. *House,* 10 Ill.2d 556; *People* v. *Rankins,* 18 Ill.2d 260; *People* v. *Wyatt,* 24 Ill.2d 151.) Where the cause is continued on motion of defendant or his counsel, the motion for discharge will not be allowed if trial is held within four months of the date to which the case was continued, even if it is more than four months after the initial arrest. *People* v. *Clark,* 17 Ill.2d 486, 492.

As previously noted, the record indicates numerous continuances on motion of defendant and by agreement with the State's Attorney. However, even under defendant's earliest continuance, made by him alone on March 17, 1961, and continuing the case to March 30, it is evident that the proceedings on June 21, 1961, were well within four months of that date. Therefore, there is no question but that a motion for discharge would have been denied if made. The failure of assigned counsel to present such a motion certainly did not prejudice defendant, nor could it conceivably

be deemed incompetency or dereliction of duty warranting reversal of defendant's conviction.

The instant case is in no way comparable to *People* v. *Morris,* 3 Ill.2d 437, 453, cited by defendant. There defendant was deemed prejudiced by the failure of court-assigned counsel to move for discharge, since the record showed that defendant would have been released, as was his co-defendant, if such motion had been timely made.

Defendant argues further that he was prejudiced by his assigned counsel's advice to plead guilty to the lesser crime of voluntary manslaughter, or otherwise face a possible 99-year sentence on the murder charge. There is nothing in this record to substantiate this assertion by defendant. We have repeatedly held that we are neither authorized nor obligated to consider statements, arguments or contentions *dehors* the record, and will not do so here. *People* v. *Walker,* 13 Ill.2d 232, 235; *People* v. *Morris,* 3 Ill.2d 437, 445; *People* v. *Tamborski,* 415 Ill. 466, 473.

Defendant was apprised by the court itself of the consequences of his plea of guilty to the crime of voluntary manslaughter, and he nevertheless persisted in that plea. The plea was therefore properly accepted by the court, and in no way either violated any statute or infringed his constitutional rights. Ill. Rev. Stat. 1959, chap. 110, par. 101.26; chap. 38, par. 732; *People* v. *Outten,* 22 Ill.2d 146, 148.

Inasmuch as there was not a scintilla of evidence that defendant's assigned counsel conducted his case in other than an able manner, and since defendant at no time prior to judgment expressed dissatisfaction or requested other counsel to represent him, we find no legal justification for reversing defendant's conviction on the grounds of incompetency of assigned counsel. (*People* v. *Herkless,* 361 Ill. 32.) The judgment of the criminal court of Cook County is therefore affirmed.

*Judgment affirmed.*