**People of the State of Illinois, Plaintiff-Appellee, v. Frank Mamolella, Defendant-Appellant.**

**Gen. No. M–51,318.**

First District, First Division.

July 17, 1967.

Harry R. Booth, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Robert Karton, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Defendant appeals from a conviction for gambling in violation of section 28–1(a)(2) of the Criminal Code (Ill Rev Stats 1965, c 38, § 28–1(a)(2)). He had waived his right to trial by jury and was found guilty by a Magistrate and fined $50.

A police officer from the gambling unit obtained a search warrant for the premises at 3001 South Kedzie Avenue, Chicago, Illinois, an auto parts store owned by the defendant. The officer found several scratch sheets, three in the front of the store, one in the back and two in defendant's pocket. Defendant denied the scratch sheets were his and said he just picked them up and put them in his pocket.

While the officer was on the premises, the telephone rang. Some of the callers ordered auto parts, but other callers placed bets on horses. Defendant denied having knowledge of the calls placing bets and ever accepting a bet.

■ Defendant's first contention is that the complaint was insufficient. Initially defendant was charged with violation of section 28–1(a)(5), which involved the recording and registering of bets. A conviction under this section may constitute a felony. (Ill Rev Stats 1965, c 38, § 28–1(c).) At the commencement of the trial, the State's Attorney asked leave to amend the complaint on its face by reducing the charge to a misdemeanor and charging the defendant with a violation of section 28–1(a)(2), "makes a wager upon the result of any game, contest, or any political nomination, appointment or election . . . ." The court informed defendant and his counsel of the

change in the complaint. Counsel raised no objection. Defendant then waived a jury and entered his plea of "Not guilty." The complaint, as amended, was sufficient to apprise the defendant of the charge against him and fully enable him to prepare his defense. People v. Laczny, 63 Ill App2d 324, 211 NE2d 438 (1965). It complies with section 111–3 in that it states the name of the offense, cites the statutory provision, sets forth the elements of the offense, states the time and place of the offense and the name of the accused. (Ill Rev Stats 1965, c 38, § 111–3.)

■ Defendant next contends that the evidence is insufficient to support the finding of guilty. We do not agree. Defendant was charged with wagering. The police officer found scratch sheets containing names and bets in the defendant's store and on his person. When answering defendant's telephone several persons placed bets. This is clearly sufficient to show that defendant was engaged in wagering with other persons as charged in the amended complaint.

Defendant's final contention is that the statute, under which he was convicted, is unconstitutional. The State contends that defendant has no standing to question the constitutionality of the statute for the reason that he did not raise this point at any time in the trial court. It has long been the position of our courts that constitutional questions not presented to and ruled on by the trial court will not be considered on review. People v. Rohde, 403 Ill 41, 85 NE2d 24 (1949), cert den 338 US 833; People v. Hale, 31 Ill2d 200, 201 NE2d 454 (1964); People v. Orr, 10 Ill2d 95, 139 NE2d 212 (1956), cert den 353 US 987, 358 US 869, reh den 358 US 913.

Defendant urges that we reject the long line of cases holding that reviewing courts should not consider constitutional questions not properly raised in the trial court. Defendant cites section 121–9 of the Criminal Code (Ill Rev Stats 1965, c 38, § 121–9) wherein it states: "Plain

errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." We note first that the statutory language is permissive. Secondly, it embraces the prior Illinois law that where the evidence was close, the court would consider certain errors which prejudiced the defendant although not raised at the trial level.

An examination of the cases in which this has occurred reveals that this doctrine was invoked only with regard to questions involving the fairness of the trial. People v. Weinstein, 35 Ill2d 467, 220 NE2d 432 (1966), improper final argument; People v. Bradley, 30 Ill2d 597, 198 NE2d 809 (1964), improper severance; People v. Sprinkle, 27 Ill2d 398, 189 NE2d 295 (1963), prejudicial conduct of the trial court; People v. Moore, 9 Ill2d 224, 137 NE2d 246 (1956), prejudicial argument; People v. Potts, 74 Ill App2d 301, 220 NE2d 251 (1966), improper admission of evidence; People v. Payton, 72 Ill App2d 240, 218 NE2d 518 (1966), improper foundation for certain testimony; People v. DeStefano, 64 Ill App2d 368, 212 NE2d 368 (1965), cert den 35 Law Week 3125, polling of the jury; People v. Bell, 61 Ill App2d 224, 209 NE2d 366 (1965), improper recall of a witness.

In addition, we believe that the Appellate courts should exercise restraint in reviewing matters not properly raised in the trial courts. People v. Van Hyning, 72 Ill App2d 168, 219 NE2d 268 (1966). The long line of cases declining to review constitutional questions not presented to the trial court convinces us that we should not review the claim of the unconstitutionality of section 28 of the Criminal Code.

For the foregoing reasons, the judgment of the Circuit Court of Cook County, First Municipal Division, is affirmed.

Judgment affirmed.

MURPHY, P. J. and BURMAN, J., concur.