People of the State of Illinois, Plaintiff-Appellee,
v. Kevin McGrath, Defendant-Appellant.

Gen. No. 66–68M.

Second District.

July 20, 1967.

Overholser, Flannery & Dunlap, of Libertyville, for appellant.

Bruno W. Stanczak, State's Attorney of Lake County, of Waukegan, and Wayne B. Flanigan, Assistant State's Attorney, for appellee.

MR. PRESIDING JUSTICE MORAN delivered the opinion of the court.

The defendant was tried before a magistrate on a misdemeanor charge (Ill Rev Stats 1965, c 38, § 12–3), found guilty and sentenced to the Illinois State Farm at Vandalia, Illinois, for a period of ninety days. Motions in arrest of judgment and for a new trial were denied. It is from the orders denying these motions that the defendant appeals.

The complaint, charging battery, was signed on March 21, 1966, and a warrant for the defendant's arrest was issued pursuant thereto. The caption of the complaint was as follows:

"In the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois."

In the body of the complaint, although the county was not mentioned, still, the following phrase was used:

". . . in the said County and State. . ."

There was no conflict between the caption and the body of the complaint as to the county; nor was there any evidence that defendant was prejudiced or that venue was improper.

On March 24, 1966, the defendant, without counsel, was brought before a magistrate for arraignment and the following is a portion of the order that was entered:

> "And the said defendant Kevin McGrath being now arraigned to plead for plea says that he is not guilty in manner and form as charged in said Complaint and hereby waives trial by jury."

The magistrate then ordered the cause to be heard on April 7, 1967. On the date set, the defendant appeared pro se and was found guilty by the court.

Since a court reporter was not present we are without the aid of a report of proceedings; and therefore, this appeal is founded on the common-law record. There was attached to the motion for a new trial, the affidavits of the defendant and his mother stating that the defendant was not advised of his right to trial by jury, did not knowingly waive such right and that he was denied a continuance to obtain counsel to defend against the charge. However, affidavits are not part of the common-law record (People v. Twitty, 405 Ill 60, 61, 89 NE2d 827 (1950)) and this court is not authorized to consider statements, arguments or contentions dehors the record. People v. Rogers, 26 Ill2d 599, 603, 188 NE 2d 22 (1963).

The defendant complains of error in that (1) the body of the complaint did not allege the county wherein the offense took place, (2) that he was not advised of his right to counsel and (3) that he did not knowingly and intelligently waive his right to trial by jury.

As to the first urged error, our Supreme Court in the recent decision of People v. Williams, 37 Ill2d 521, 229 NE2d 495 (1967) stated:

> "Where, . . . there is no conflict between the caption and the body of the charge, no suggestion that the venue was improper or improperly proved, and no showing of prejudice to the defendant, we see no reason to refuse to read the caption as part of the complaint. So read, the complaint sufficiently designates the county in which the offense was alleged to have been committed."

Consequently, the complaint in this case is proper.

The remaining two contentions are more formidable because of the lack of a complete record. Both involve the substantial rights of the defendant as guaranteed by the Sixth Amendment of the U. S. Constitution and by Article II, Section 9 of the Constitution of Illinois. The record herein does not reveal as to whether the defendant expressly and *understandingly* elected to forego a jury trial; or, whether the defendant knowingly and intelligently waived his right to the appointment of counsel.

We are cognizant of the fact that hearings had on misdemeanor offenses, in many cases, are not reported and transcribed. However, under Supreme Court rule 323(c)(d), recently adopted, this void may now be rectified, thereby alleviating any guess or conjecture on the part of the reviewing court as to what actually transpired at the trial proceedings. And, as in the case at bar, where there is a material question in controversy upon a material issue and the record fails to disclose all of the evidence on that issue, this court has the power to reverse the judgment and remand the cause for further evidence. American Smelting & Refining Co. v. Industrial Commission, 353 Ill 324, 329–330, 187 NE 495 (1933) ; Henry's Drive-In, Inc. v. Anderson, 37 Ill App2d 113, 128, 185 NE2d 103 (1962) ; Section 92(e) of the Civil Practice Act (Ill Rev Stats 1965, c 110, § 92(1)(e)).

Since we do not have the benefit of a verbatim transcript of the proceedings upon which to base a considered

391

judgment in this case, we are compelled to reverse the judgment of the trial court and remand with directions to reinstate this cause for further proceedings consistent with the views expressed herein.

Reversed and remanded with directions.

DAVIS and ABRAHAMSON, JJ., concur.