**The People of the State of Illinois, Plaintiff-Appellee, v. Ray McKenzie, Defendant-Appellant.**

**Gen. No. 67–64.**

Fifth District.

November 21, 1967.

Russell Baird, of Belleville, for appellant.

Otto E. Funk, State's Attorney, of Hillsboro, for appellee.

EBERSPACHER, J.

This is an appeal from judgments entered by the Circuit Court of Montgomery County on pleas of guilty by

the defendant, Ray McKenzie, to the charges of Driving While Intoxicated in violation of chapter 95½, section 47, Ill Rev Stats 1965, and Disorderly Conduct in violation of chapter 38, section 26–1, Ill Rev Stats 1965.

A court reporter was not present at any of the proceedings and therefore this appeal is founded on the common-law record.

It appears from the common-law record that the defendant Ray McKenzie, 18 years of age, was arrested on the 16th day of March, 1967, by an Illinois State Police Officer in Montgomery County. The defendant was charged with Disorderly Conduct and Driving While Intoxicated in violation of chapter 38, section 26–1 and chapter 95½, section 144, Ill Rev Stats 1965, respectively. He was incarcerated in the Montgomery County Jail in Hillsboro, Illinois until March 20, 1967, at which time he was brought before the court. The record does not disclose why defendant was not taken before a judge without unnecessary delay, as is required by chapter 38, section 109–1, Ill Rev Stats 1965.

On the same date the State's Attorney of Montgomery County filed an information charging the defendant with Driving While Intoxicated. It appears from the record that upon the defendant's appearance he signed two documents entitled "Jury Waiver and Plea of Guilty," one for each of the charges against him; and that a verdict of guilty was entered on each charge, and the cause continued to the following day for hearing on aggravation and mitigation, and bond set at $5,000 in each case. The defendant was then returned to the county jail for failure to post bond of $5,000 in each of the two causes. The record does not disclose why the statute, chapter 38, section 110–5(c) was disregarded in fixing bail. The next day, March 21, 1967, the defendant was brought before the court for a hearing on aggravation and mitigation. It is alleged by the defendant in his brief

and not controverted by the People in their Answer that the defendant was sentenced for both offenses, one year to the Illinois State Farm as to the offense of Driving While Intoxicated and a maximum fine of $500 as to the offense of Disorderly Conduct. The defendant was not represented by counsel at any appearance or at the hearings in mitigation or aggravation and as stated before, there is no verbatim record as to what transpired at any of them.

Subsequent to the defendant's judgment and sentence counsel appeared for the defendant and filed motions to vacate the judgments and to withdraw the pleas of guilty, all of which were denied by the court.

The defendant alleges that the pleas of guilty were improperly accepted by the court. In this regard it is alleged that the defendant did not knowingly and understandingly waive his right to counsel or that he was ever informed of his right to counsel. In the alternative he alleges that the sentence imposed was excessive and seeks a reduction thereof pursuant to chapter 38, section 121–9 (b) (4), Ill Rev Stats 1965.

The former involves the substantial rights of the defendant guaranteed by the Sixth Amendment of the U. S. Constitution, and Article II, section 9 of the Constitution of Illinois. Aside from the constitutional question presented, the Criminal Code of Procedure clearly provides that the judge shall advise the defendant of his right to counsel upon his first appearance before the court. Chapter 38, section 109–1(b) (2), Ill Rev Stats 1965.

We will not presume that a waiver of a constitutional right is intelligently and understandingly made from a record that does not contain an allegation and showing that an accused was offered counsel, but intelligently and understandingly rejected the offer.

We are cognizant of the fact that hearings had on misdemeanor offenses, in many cases, are not reported and

transcribed. However, under Supreme Court Rule 323 (c), (d), chapter 110A, § 323 (c), (d), Ill Rev Stats 1967, which became effective January 1, 1967, this void may now be rectified, thereby, alleviating any guess or conjecture on the part of the reviewing court as to what actually transpired at the trial proceedings. Neither party has sought the benefit of this Rule. See Supreme Court Rule 612 (c).

Where there is a material question in controversy upon a material issue and the record fails to disclose all of the evidence on that issue, this court has the power to reverse the judgment and remand the cause for further evidence. People v. McGrath, 85 Ill App2d 388, 229 NE2d 14 (1967).

Since the record submitted to us in this case is insufficient upon which to base a considered opinion, we are compelled to reverse the judgments of the trial court and remand with directions to reinstate this cause for further proceedings consistent with the views expressed herein.

This court appreciates the efforts of appointed counsel who has ably and expeditiously proceeded with the appeal in this matter.

Reversed and remanded with directions.

MORAN and GOLDENHERSH, JJ., concur.