**The People of the State of Illinois, Appellee, v. Charles Billingsley, Defendant-Appellant.**

**Gen. No. 67–138.**

Fifth District.

August 13, 1968.

James B. Moses of Smith, McCollum & Riggle, of Flora, for appellant.

H. Carroll Bayler, State's Attorney of Clay County, of Louisville, for appellee.

EBERSPACHER, P. J.

This appeal has been brought by the defendant, Charles Billingsley, following his plea of guilty and imposition of sentence to an information charging him with the offense of Theft of Property less than $150 in value.[1]

From the common-law record it appears that on October 18, 1967, the State's Attorney of Clay County, Illinois, filed an information in the Circuit Court of Clay County charging the defendant and two codefendants with the offense of Theft. The value of the property was alleged to be less than $150. On the same date the defendant appeared in court, accompanied by counsel, for arraignment. There was no court reporter in attendance and accordingly, a transcript of the proceedings is unavailable. However, an entry of record by the Court indicates that the defendant was furnished with a copy of the information, that the defendant indicated a desire to enter a plea of guilty, the Court advised the defendant of his right to trial by jury and of the penalty prescribed for the offense by statute, that the defendant persisted in the plea of guilty, and that the Court accepted the plea and entered judgment thereon. The defendant also signed a written instrument wherein he entered a plea of guilty and waived trial by jury.

The docket entry of October 18, 1967, next recites that evidence was heard as to aggravation and mitigation and the cause continued until November 6, 1967, for sentencing. From the transcript of proceedings had on November 6, 1967, it appears that the defendant was sentenced

[1] The penalty for which is provided by chapter 38, section 16–1, as being a fine of not to exceed $500, or imprisonment in a penal institution other than the penitentiary not to exceed one year, or both.

55

to the Illinois State Farm for a period of six months. The defendant has sought to supplement the common-law record by filing in this Court three affidavits. The affiants are the defendant and his two brothers. The affidavits allege facts and circumstances prior to the arraignment.

In his effort to reverse the judgment of conviction the defendant has presented three issues for review. The first is that the defendant is in fact not guilty but entered a plea of guilty only because of certain representations made to the defendant and his brothers by the Court and State's Attorney prior to the arraignment. This issue is based solely upon the affidavits filed by the defendant.

The Supreme Court Rules provide for no procedure by which an appellant may supplement the record by affidavit. Supreme Court Rule 323(c) as made applicable to criminal appeals by Supreme Court Rule 612(c) provides for cases in which there is no verbatim transcript of the evidence or proceeding; however, in the instant case the matters alleged in the affidavits transpired prior to the filing of the information charging the defendant with the offense.

The defendant made no effort to withdraw his plea of guilty or otherwise present the issue to the trial court. When faced with a similar question, the Court in People v. Van Hyning, 72 Ill App2d 168, 219 NE2d 268 stated:

"... the necessity for judicial accommodation between the exercise of such power and the orderly administration of justice, as well as the welfare and safety of the public at large, indicates that the reviewing court should exercise judicial restraint in reversing the trial court for errors not brought to its attention by customary procedures. The basic reason for the general rule that issues, points or contentions, other than those going to the court's

jurisdiction of the subject matter, or that the indictment does not charge an offense, will not be considered on appeal unless presented in the trial court and properly preserved for review, is that the trial court should not be reversed upon a ground not submitted to it and upon which it did not, and was not asked, to decide. (Citing cases.) Consequently, reversals where the alleged errors were not brought to the attention of the trial court must be limited to errors or defects affecting substantial rights of the defendant—errors which in themselves preclude fundamental fairness in the trial. . . ."

Under the circumstances of this case, particularly in view of the fact that the defendant was represented by counsel during the entire proceeding, we would not be warranted in reviewing the issue as presented.

The second issue presented by the defendant is that the judgment should be reversed since the record does not show that the defendant understandingly waived his right to trial by jury, that he understood the consequences of his plea of guilty or that the consequences of his plea were explained by the Court and understandingly persisted in by the defendant, and that the defendant was admonished or apprised of the limits of punishment he might receive.

We note that the defendant does not contend that the consequences of his plea and the maximum penalty which might be imposed by the Court were not explained to him, but that there is no verbatim record of the admonition. In effect the defendant argues that since there is no transcript the judgment must be reversed.

Defendant, on this point, relies upon the language of sections 113–4(c) and 115–2(a)(2) of the Code of Criminal Procedure and People v. Washington, 5 Ill2d 58, 124

NE2d 890 (1955), and People v. Ballheimer, 37 Ill2d 24, 224 NE2d 811 (1967). Section 113-4(c) provides:

"If the defendant pleads guilty such plea shall not be accepted until the court shall have fully explained to the defendant the consequences of such plea and the maximum penalty provided by law for the offense which may be imposed by the court. After such explanation if the defendant understandingly persists in his plea it shall be accepted by the court and recorded."

Section 115-2(a)(2) provides:

"Before or during trial a plea of guilty may be accepted when;
"(1) . . .
"(2) The Court has informed the defendant of the consequences of his plea and of the maximum penalty provided by law which might be imposed upon acceptance of such plea."

We note that neither of these legislative enactments make any distinction between pleas to charges where the punishment may be imprisonment in the penitentiary and pleas to charges where the punishment may be otherwise. Both the cited cases involved the adequacy of the record where the charges were punishable by imprisonment in the penitentiary.

People v. Washington, supra, was based on inadequacy of compliance with Rule 27A, adopted in 1948, which provided in part that "The inquiries of the court, and the answers of the defendant to determine whether the accused understands his rights to be represented by counsel, and comprehends the nature of the crime with which he is charged, and the punishment thereof fixed by law,

shall be recited in, and become a part of the common-law record in the case." Rule 27A was applicable to cases in which the punishment may have been imprisonment in the penitentiary. In People v. Ballheimer, supra, the Court held statements by the trial court to defendant that "the court would have to sentence you in accordance with the statute" and that defendant "would be sentenced according to law," were inadequate explanation of the consequences of a plea of guilty, in light of the provisions of the then applicable rule, 26(3) (Ill Rev Stats 1963, c 110, § 101.26(3)) which applied to cases in which the punishment may have been imprisonment in the penitentiary.

Supreme Court Rule 401(b) became effective January 1, 1967, and is the former Rule 26(3) without change. It provides that in cases where the punishment may be imprisonment in the penitentiary the admonishment and inquiries by the Court and the answers of the accused shall be taken and transcribed and filed in the case. The committee comments for the rule state that in cases in which punishment is other than imprisonment in the penitentiary the proceedings on pleas of guilty are governed by sections 113–1 and 113–4 of the Code of Criminal Procedure of 1963.

From our examination of the record it is our opinion that the Court correctly adhered to sections 113–1 and 113–4. The defendant has cited no authority, by rule or otherwise, which requires a verbatim transcript in *all* criminal cases nor do we feel that it is within the province of this Court to so hold, in a case in which there is no showing of any disability of the defendant; where the record shows that he was at all critical times represented by an attorney of his choice, and the record shows no objection to proceeding without the proceedings being taken verbatim. The situation presented is clearly

distinguishable from those situations in which the defendant appears without counsel. (See People v. McKenzie, 89 Ill App2d 157, 231 NE2d 702; People v. McGrath, 85 Ill App2d 388, 229 NE2d 14.)

The third and last issue raised by the defendant is that the punishment imposed was too severe. The record recites that the Court heard evidence in mitigation and aggravation, however, that evidence was not transcribed. As the Court stated in People v. Evrard, 55 Ill App2d 270, 204 NE2d 777 (1965), in the absence of the information upon which the trial court imposed sentence a reviewing court cannot make a meaningful review. We do note that the defendant received a more severe sentence than his codefendants with nothing in the record to justify such a disparagement. Therefore, this cause must be remanded with direction to hear and receive evidence as required by section 1–7 (g) of the Criminal Code (c 38, § 1–7 (g), Ill Rev Stats 1967) and a transcription of that record made, and thereafter to impose proper punishment. See People v. Evrard, supra.

Affirmed and remanded with direction.

GOLDENHERSH and MORAN, JJ., concur.