**People of the State of Illinois, Appellant, v. Leslie B. Jones (Impleaded), Appellee.**

**Gen. No. 51,776.**

First District, Second Division.

October 29, 1968.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Joseph T. Garlovsky, Assistant State's Attorneys, of counsel), for appellant.

No brief for appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

This is an appeal by the People, in accordance with Illinois Supreme Court Rule 604(a) (Ill Rev Stats (1967) c 110A, § 604(a)), from an order of the trial court granting the motion of the defendant for discharge pursuant to the speedy trial provisions of the Illinois Code of Crim-

inal Procedure. See Ill Rev Stats (1965), c 38, § 103-5(a) and (d). The record indicates this chronology of events.

JANUARY 25, 1966—defendant was arrested with another man for murder and was never admitted to bail.

FEBRUARY 21, 1966—defendant was indicted jointly with the other man for murder.

FEBRUARY 28, 1966—defendant was arraigned. He declared his indigency, the public defender was appointed to represent him, a plea of not guilty was entered, and the case was assigned by the chief judge to another judge for trial. On this same day, the trial judge granted the motion of the defendant for a list of witnesses to any statements made by the defendant, said list to be furnished the defendant by the State within 10 days. By order of court, the cause was continued to March 15, 1966.

MARCH 15, 1966—by order of court, the cause was continued to March 31, 1966.

MARCH 22, 1966—defendant, by his appointed counsel, filed a written motion for severance. The court ordered that the hearing on said motion be continued to March 31, 1966.

MARCH 31, 1966—after a full hearing, the court granted the motion of the defendant Jones for a severance and, by order of court, the cause was continued to April 20, 1966.

Thereafter, by order of court, the cause was continued several times until July 25, 1966.

On July 25, 1966, the defendant, by his appointed counsel, filed a written motion for discharge alleging that he was never admitted to bail; he was not brought to trial within 120 days from the date of his arrest as required

by section 103-5(a) of the Code of Criminal Procedure; and he did not cause this delay. After a full hearing, the court granted the motion of the defendant for discharge and entered an order to that effect thereby freeing the defendant from custody. The People appeal from this order.

 It is settled law in Illinois that the State may appeal from an order discharging the defendant from custody due to the failure of the State to accord him a speedy trial in accordance with the 120-day standard found in Ill Rev Stats (1965), c 38, § 103-5(a). The courts have stated that the granting of such an order is in substance and effect a dismissal of the indictment, an order from which the State may appeal. See People v. Petropoulos, 34 Ill2d 179, 214 NE2d 765 (1966). The right of the State to appeal in such a case as this one has now been codified in Ill Rev Stats (1967), c 110A, § 604(a).

The right of every accused to receive a speedy trial is guaranteed by art II, § 9 of the Illinois Constitution and is given concreteness and specificity by our legislature in Ill Rev Stats (1965), c 38, § 103-5(a) and (d), which provide as follows:

> (a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, by a competency hearing, or by an interlocutory appeal.
>
> . . . . . .
>
> (d) Every person not tried in accordance with sub-sections (a), . . . of this Section shall be discharged from custody. . . .

It is undisputed in the instant case that the defendant was never admitted to bail and was not brought to trial

within 120 days following his arrest. However, the State argues that the "delay was occasioned by the defendant" in gaining a severance, thereby "tolling" the running of the statutory period and causing it to run anew from the date to which the cause was continued by the court; namely, April 20, 1966, after it had granted the defendant's motion for a severance on March 31, 1966.

The trial court agreed with the State that the accused had "tolled" the running of the statutory period by his motion for a severance, a rule established in Illinois law since the case of People ex rel. Woodruff v. Matson, 129 Ill 591, 22 NE 456 (1889), but ruled that the new 120-day statutory period began to run from the date the defendant's motion for a severance was filed; i. e., March 22, 1966, and not from the date his motion was granted, March 31, 1966, or the date to which the cause was continued, April 20, 1966, after his motion had been granted. Since the defendant was not brought to trial on or before July 20, 1966, which would have been 120 days from the date he filed his motion for a severance, the trial court ruled on July 25, 1966, that he must be discharged from custody.

No cases have been cited nor have we found any cases in Illinois or any other jurisdiction holding that the computation of a statutory period ensuring a speedy trial to the accused is to begin with the date on which the motion for severance is filed or that said computation is to begin with the date to which the cause is continued after the motion for a severance has been granted. Yet, that is the gravamen of this case. The case of People ex rel. Woodruff v. Matson, 129 Ill 591, 22 NE 456 (1889), can be cited for the proposition that a joint defendant tolls the running of the statutory period ensuring him a speedy trial by seeking and gaining a severance, but the case is silent as to the method to be used by review-

ing courts in computing the beginning of the new statutory period after the defendant has gained the severance. Our decision must be based, therefore, on sound judicial administration coupled with analogy drawn from somewhat similar cases in this area of criminal law.

Initially, it must be stated that the mere filing of a motion for severance does not delay the administration of criminal justice. Such a motion may be heard on its merits instanter or the trial court, as it did in the instant case, may set it for hearing on the same day as it had earlier set the case of the multiple defendants for trial. If the trial court then denied the motion for severance, the trial of all the joint defendants would commence immediately without any delay in the judicial process. If the trial court granted the motion for severance, it could no longer try the joint defendants simultaneously. Rather than penalize the defendants who had not asked for the severance by giving them a later date for trial thereby keeping them incarcerated for a longer period of time before they could establish their innocence, assuming they were not yet admitted to bail, the trial court could, as it did in this case, continue the case only as to the defendant who had sought and gained the severance, giving only that party defendant a later trial date. See People v. Perry, 23 Ill2d 147, 177 NE2d 323 (1961). The trial of the joint defendants who had not sought a severance would then begin instanter on the date originally set for trial.

Any delay in the trial of the defendant who had sought and gained the severance would have been occasioned by his voluntary action, assuming that the trial court did not allow an unreasonable length of time to lapse between the date that the motion for severance was filed and the date that it was heard on its merits.

It is now settled law in Illinois that reviewing courts, in ruling upon motions for discharge pursuant to the speedy trial provisions of our Code of Criminal Pro-

428

cedure, look to the date to which the cause is continued when the defendant has occasioned the delay by his motion for a continuance, People v. Rogers, 26 Ill2d 599, 188 NE2d 22 (1963); or by his request for substituted defense counsel, People v. Stahl, 26 Ill2d 403, 186 NE2d 349 (1962); or by his motions testing the legal sufficiency of the indictment, People v. Hamby, 27 Ill2d 493, 190 NE2d 289 (1963), cert den 372 US 980, 83 S Ct 1116; or by his successful motion for a change of venue, People v. Williams (Abstract), 31 Ill App2d 230, 175 NE2d 576 (1961).

■ By his successful motion for a severance, the defendant created the necessity for postponement of his trial which precludes him from availing himself of the statute upon which he now attempts to rely. In our opinion, when a defendant seeks and gains a severance and is accordingly given a later trial date, the court, in computing the statutory period allowed all defendants for a speedy trial, must begin with the date to which the cause is continued after the granting of such a motion for severance. This holding is subject to the caveat that an unreasonable length of time must not elapse between the date that the motion for severance is filed and the date that it is heard on its merits. The State could not therefore use the motion of the defendant for a severance to hold the proceedings in abeyance as an act of oppression.

The record in this case indicates that on March 31, 1966, after a full hearing, the trial court granted the motion of the defendant for a severance and continued the cause to April 20, 1966, with subpoenas. Hence, the State would have 120 days from this latter date, or until August 18, 1966, to bring the defendant to trial. The trial court erred in discharging the defendant from custody on July 25, 1966.

The order discharging the defendant from custody is reversed; the indictment is ordered to be reinstated; and

the cause is remanded for further proceedings pursuant to law.

Order reversed and cause remanded with directions.

BURKE, P. J. and McNAMARA, J., concur.