THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN RUSSO *et al.,* Defendants-Appellants.

(No. 53671; ▮▮▮▮▮▮▮▮▮▮▮▮

First District—December 2, 1970.

Bernard B. Brody, of Chicago, (William J. Nellis, of counsel,) for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Arthur Belkind, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

OFFENSE CHARGED

Keeping a gambling place. Ill. Rev. Stat. 1965, ch. 38, par. 28—3.

JUDGMENT

After a bench trial, the three defendants were found guilty. Russo was fined $450, Foster $350, and Been $250.

CONTENTIONS RAISED ON APPEAL

1. The defendants were not proven guilty beyond a reasonable doubt.

2. The defendants were prejudiced by the improper admission into evidence of six photographs.

3. Michael Been was improperly denied a hearing into the voluntariness of his statements to the police.

EVIDENCE

*John Tobin,* for the State:

He is a police officer with the vice control division. At approximately 2:00 P.M. on May 19, 1967, he, along with Sergeant Shaughnesy and Officers Riggio and Kelly, went to a bungalow at 1052 Diversey Parkway with a search warrant for the first floor of the house.[1]

After knocking and announcing his office, he forced the front door and saw Mrs. Been and another woman in the parlor. In the kitchen he saw a wall telephone with a line leading out the kitchen window. He went out to the side of the house and traced the line from the kitchen window into a basement window.

Entering the basement through the rear door, he followed the line from the window to a room in the front of the basement. He knocked on the door to this room and again announced his office and that he had a search warrant. When no one responded, he tried unsuccessfully to force the door with a sledge hammer. Shortly, he heard a voice from within the room say: "Hold it, hold it, I'll open the door."

When the door was opened, he entered and saw two men whom he identified as Russo and Foster. He also observed a small table upon which were two telephones. The room was filled with smoke and there were black crumpled paper ashes on the table. The smoke did not smell like tobacco. Defendants were not smoking, and he saw no cigarette butts or pipes in the room.

Within a period of thirty minutes after he entered the room, the phone rang about ten times. He answered the phone each time and had conversations with three of the callers.[2] The other callers hung up after he answered.

The inside of the door through which he had entered was fitted with four numbered slots. At the opposite end of the room there was another

---

[1] The warrant is not in the record, but the State's Attorney advised the court that it described "the first floor."

[2] The trial court struck his testimony as to the content of the three conversations on the ground of its generality and lack of specificity.

door, and on the floor were four 1"x12" planks which were also numbered. He and the other officers placed the planks in the slots which corresponded to the numbers on the planks and determined that they then acted as braces against the opening of both doors.

After arresting defendants Russo and Foster, he and Sergeant Shaughnesy went into the back yard where they saw Been. He told Been that he had just made a gambling arrest in the basement, and asked him if he was aware of who was in that room. Been replied that he had rented the room to someone other than Russo and Foster for $40 a month. They then arrested Been.

*Stipulation,* for the State:

If Officer Kelly of the Vice Control Division, Gambling Unit of the Chicago Police Department, were called to testify, his testimony would be the same, in substance, as that of Officer Tobin.

*Photographs,* by the State:

The court accepted into evidence six photographs which were identified by Tobin as accurately depicting the telephone wires leading from the kitchen wall phone outside the house into the basement, and the basement room with the planks in position as braces against the doors.

OPINION

■■ Defendants' first contention is that they were not proven guilty beyond a reasonable doubt. The relevant portion of the statute under which the defendants were convicted (Ill. Rev. Stat. 1965, ch. 38, par. 28—3) provides:

"A 'gambling place' is any real estate, vehicle, boat or any other property whatsoever used for the purposes of gambling. Any person who knowingly permits any premises or property owned or occupied by him or under his control to be used as a gambling place shall be fined not to exceed $500 or imprisoned in a penal institution other than the penitentiary not to exceed one year, or both."

To justify a conviction, therefore, the State must prove beyond a reasonable doubt (1) that the defendants owned, occupied, or controlled the premises, and (2) that they knowingly permitted the premises to be used for gambling purposes. *People v. Perry,* 34 Ill.2d 229, 232; IPI-Criminal, § 20.07.

To prove that the premises in the instant case were used for gambling purposes, the State offered evidence that two of the defendants were found in a barricaded room which contained little other than two telephones which rang ten times within a half hour. Evidence was also offered that paper had been burned immediately prior to the entrance of the arresting officers.

■■ Two sections of Illinois Criminal Code which define gambling are relevant in the context of this case. Ill. Rev. Stat. 1965, ch. 38, par. 28—1 (a) (10) provides that a person commits the crime of gambling when he:

"knowingly transmits information as to wagers, betting odds, or changes in betting odds by telephone, telegraph, radio, semaphore or similar means; or knowingly installs or maintains equipment for the transmission or receipt of such information; * * *."

Under this section there must be proof of the transmission of, or the maintenance of equipment for, the transmission of gambling information. (*Kelly v. Illinois Bell Telephone Co.*, (7th Cir., 1963), 210 F.Supp. 456, 465, aff'd 325 F.2d 148; *Telephone News Systems, Inc. v. Illinois Bell Telephone Co.*, 220 F.Supp. 621, 639.) In the instant case, we do not have before us any evidence as to the transmission or receipt of information as to wagers or betting odds. We have no evidence as to the nature of the calls received by Officer Tobin.

The second applicable provision of the statute is Section 28—1(a) (5), which states that a person commits gambling when he:

"uses or keeps any book, * * * for the purpose of recording or registering bets or wagers * * *."

■■ The evidence in the present case is only that some kind of paper had been burned immediately prior to the entrance of the police. This evidence, along with the evidence of the phone calls and circumstance of the room equipped with door braces, creates a strong suspicion that defendants Russo and Foster were conducting a gambling operation in that basement room. We conclude, however, that the State failed to prove this necessary element of the crime beyond a reasonable doubt, so the convictions of all three defendants must be reversed.

Under the circumstances, defendants' other contentions need not be considered.

The judgment of the Circuit Court is reversed.

Judgment reversed.

DRUCKER and LEIGHTON, JJ., concur.