THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD SIMS, Defendant-Appellant.

(No. 69-150; ▇▇▇▇▇▇▇▇▇)

Fifth District—July 2, 1971.

Richard E. White, of Murphysboro, for appellant.

Don P. Koeneman, State's Attorney, of Chester, (D. McMeekin Conn, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

Appellant was an inmate of the penitentiary and was jointly indicted on January 3, 1969, for the crimes of escape (Count I), kidnapping (Count II), two counts of theft of property having a value in excess of $150.00 (Counts III and V), burglary (Count IV) and armed robbery (Count VI); the last 5 offenses allegedly occurring during the period appellant was an escapee.

On January 23, 1969, appellant was present in open court, was given a copy of the indictment and advised of the minimum and maximum punishments that could be imposed for the various crimes charged, and the court appointed counsel. The case was put on the jury setting to be tried on February 24, 1969. On February 20, 1969, appellant was again present in court attended by his counsel; stated that he was satisfied with his representation, entered a plea of not guilty to each count and caused to be filed a written motion praying for a general continuance of the cause. The Court being advised that additional motions were contemplated, allowed thirty days for the filing of pretrial motions, and granted the continuance advising that the case would be taken off the February 24 setting, indicating that it was not known when the next jury setting would be.

On March 20, 1969, Motions for Change of Place of Trial, a Motion for Discovery and Production of Objects and Statements, and a Motion for a Bill of Particulars were filed. These motions were placed on a motion setting to be heard on April 18, 1969, and on that date the court by docket entry continued the motions "at the request and agreement of all counsel concerned". On August 7, 1969, the motions were set for hearing on August 25, 1969. The record does not disclose that appellant or his counsel ever requested the motions to be heard.

On August 12, 1969, appellant filed a *pro se* motion for dismissal of the charges for want of prosecution pursuant to ch. 38, sec. 103—5, Ill. Rev. Stat. 1969. On September 2, 1969, the motion was denied and the case placed on the September 15th jury setting. On September 9, other motions were filed which were heard on September 11th.

On September 16, 1969, the defendant and his attorney appeared be-

fore the court and defendant changed his plea from not guilty to guilty.

Defendant contends that he was entitled to discharge under ch. 38, sec. 103—5(a), and that he, other than consenting to continuance on February 20, 1969, did not cause a delay in trial by his own acts; further contending that under the case law the period commences to run again from either the date the delay occurred or to which the cause was continued. He cites *People v. Hamby*, 27 Ill.2d 493, 190 N.E.2d 289, contending that trial was required on or before June 20, 1969, and that the cause was set for hearing on April 18, 1969, and the statute started to run on that date requiring trial on or before August 16, 1969, and taking May 13, 1969, allegedly the date of his release from Menard (a date denied by the prosecution) he should have been tried on or before September 10, 1969.

■■ Appellee has pointed out that subsequent to the court's denial of defendant's motion for discharge that defendant changed his plea of not guilty on all counts except Count VI (armed robbery) to guilty, and that by agreement, after guilty pleas were accepted on the other counts, Count VI was dismissed on motion of the prosecution. The State contends, and we believe properly, that under the holding in *People v. DeCola*, 15 Ill.2d 527, 155 N.E.2d 622, regardless of the propriety of the holding of the trial court on defendant's motion for discharge, the defendant waived his right to discharge by his election to plead guilty. In *People v. Lybarger*, 22 Ill.2d 170, 174 N.E.2d 687, the Court in discussing the *DeCola* holding stated, "* * * we squarely held that when the defendant enters a plea of guilty he waives the right to be discharged for failure to obtain a trial within four months of commitment. This question was fully argued and considered in that case and defendant has presented no new authorities or argument that would lead us to overrule that decision". See also *People v. Pritchett*, 29 Ill.2d 407, 194 N.E.2d 352, in which the Court held the defendant waived any error which might have arisen from the denial of his motion and noted that an erroneous denial of a motion for discharge does not deprive the Court of jurisdiction.

Defendant contends that he was induced by his counsel to change his pleas, after defendant had filed a petition *pro se* in the trial court to have his appointed counsel removed for incompetency, which was denied on Sept. 11, 1969, (four days before defendant changed his pleas) on the representation that a plea of guilty would not waive any error in the ruling on defendant's motion for discharge, or effect his right to appeal from the order denying discharge. In support of this contention defendant has presented to this Court, not as a part of the common law record, a brief to which are attached copies of purported letters. One letter is that

of defendant to his counsel in this Court dated March 16, 1970, in which he states that the only reason he entered guilty pleas was that his appointed trial counsel had advised him that his pleas would not waive errors of the trial court, and that the trial court in denying his petition for removal of counsel had advised that his trial counsel was knowledgeable and competent and that defendant thus relied on his advice to plead guilty. The letter of course is self-serving. The other letter attached is a copy of a letter dated September 15, 1969, (the day before defendant entered his guilty pleas) addressed to defendant, from the office of his appointed counsel. In it his appointed counsel advised "* * * feel that you could plead guilty and still appeal any previous action" and that "I will do further checking on this in the next day * * *".

As pointed out, Courts have consistently held that reviewing Courts are neither authorized nor obligated to consider matters *dehors* the record. *People v. Rogers*, 26 Ill.2d 599, 188 N.E.2d 22; *People v. Billingsley*, 97 Ill.App.2d 54, 239 N.E.2d 475, 477.

■■ The record renders defendant's contention of no value to him. It shows that in open court before defendant's guilty pleas were accepted, the question of whether by entering guilty pleas he might be waiving rights to appeal contested rulings previously made would be waived, his counsel expressing the view that the law was not settled on the point. The Court advised that he felt it was its duty to advise that by pleading guilty defendant was probably waiving the impropriety of any previous rulings, and said to defendant, "It is my opinion and my duty to tell you I feel by pleading guilty you are waiving any rights you have on appeal on any of these questions if you have any. I want you to understand that by pleading guilty you are waiving those rights". The State's Attorney then pointed out that by a plea of guilty the defendant admits all the elements of the offense and any errors other than jurisdictional errors, and stated that as long as defendant understood that personally, that his pleas should be accepted. Thereafter the court advised the defendant again, "If you want to withdraw your plea at this time knowing since I explained it to you, if you want to withdraw your plea the Court will still permit you to withdraw your plea. The trial has been set to start tomorrow morning * * *. We want you to know, we want to know that your plea is wholly and freely made and not based on some kind of premise that by pleading guilty you can automatically get it reversed and come back for a new trial or have it set aside or whatever the ruling of the Appellate Court might be. I want to know that your plea is wholly and freely made knowing all these facts and circumstances. I disagree with your counsel to some extent. You may have something that he has looked up that may be in your favor but it is my duty to tell you that I

disagree with it. You still wish to plead guilty?" To which the defendant answered, "I still wish to plead guilty". The Court then after hearing the facts concerning the offenses accepted the pleas, and the State's Attorney stated he had no other evidence in aggravation and defendant's counsel stated that he had nothing further in mitigation, and requested that Count VI be dismissed, which was subsequently done.

In *People v. Covington*, 45 Ill.2d 105, 257 N.E.2d 106, our Supreme Court said, "The circumstance that an accused followed his counsel's advice, whether such advice was proper or ill-advised, would not render a guilty plea involuntary". This would be particularly applicable to the present case in view of the court's admonition.

We therefore affirm.

G. MORAN and JONES, JJ., concur.