THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN W. YOUNG, Defendant-Appellant.

(No. 12053;

Fourth District—March 21, 1974.

TRAPP, J., dissenting.

John F. McNichols, Deputy Defender, of Springfield, (J. Daniel Stewart, Assistant Appellate Defender, of counsel), for appellant.

Robert J. Bier, State's Attorney, of Quincy (John A. Beyer, of Circuit Attorney Project, of counsel), for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

The defendant appeals from a judgment of the circuit court of Adams County sentencing him to the Illinois State Farm for two concurrent terms of 90 days each and to commence at the expiration of another sentence the defendant was then serving there. The judgments were imposed upon an information charging deceptive practices in two counts, each involving separate checks. It is the defendant's contention that the failure to provide a court reporter to transcribe the events at the time of his guilty plea to both charges is a denial of equal protection of the law and a denial of due process. We reverse and remand.

The defendant appeared without counsel and the sole record of what transpired on his guilty pleas is the docket entry of the judge which reads as follows: "Defendant appears: Advised of the charge pending against him, and his rights. Defendant waived counsel and jury trial and enters a plea of guilty to both counts of the information. Court finds waiver of counsel, jury trial and plea of guilty are knowingly, understandably [sic] and voluntarily made. Court finds there is a factual basis for the plea". Defendant wrote the clerk of the court requesting a certified transcript of proceedings in the case. The clerk responded by saying that no such transcript was available and that no court reporter is furnished in misdemeanor cases. A second letter to the clerk brought a "complete copy of the court file" to the defendant at the Illinois State Farm. In this court, both sides readily agree and assert that the Illinois law does not require a verbatim transcript to be made concerning the proceedings on a plea of guilty to a misdemeanor. They likewise agree that such a transcript must be provided for one convicted of a felony involving incarceration in the penitentiary. This distinction and these requirements deny equal protection of the law and due process of law to one convicted of a misdemeanor. Failure to have available for a misdemeanant a record of the proceedings when a guilty plea is taken effectively deprives him of his right to establish on review from the record that his constitutional rights were violated.

Some aspects of this problem were discussed in *People v. Warr*, 54 Ill.2d 487, 298 N.E.2d 164. Our supreme court there pointed out that the United States Supreme Court has rejected "in whole or in part a distinction based on the nature of the crime and the length of the sentence as. a ground for denying procedural rights guaranteed by the fourteenth amendment. (See *Baldwin v. New York (1970)*, 399 U.S. 66, 26 L.Ed.2d 437, 90 S.Ct. 1886; *Groppi v. Wisconsin (1971)*, 400 U.S. 505, 27 L.Ed.2d 571, 91 S.Ct. 490; *Mayer v. City of Chicago (1971)*, 404 U.S. 189, 30 L.Ed. 2d 372, 92 S.Ct. 410; and *Argersinger v. Hamlin* (1972), 407 U.S. 25.) These. decisions make it appropriate, if not imperative, that a remedy be provided by which one who has been convicted of a misdemeanor may raise questions as to the constitutional validity of the procedure employed in obtaining his conviction." The absence of any record of what transpired when one pleaded guilty to a misdemeanor closes the door effectively to judicial review of compliance or noncompliance by the trial court with Supreme Court Rules 401 and 402. Ill. Rev. Stat. 1971, ch. 110A, pars. 401 and 402.

In *Argersinger v. Hamlin* (1972), 407 U.S. 25, 32 L.Ed.2d 530, 92 S.Ct. 2006, the court held that absent a knowing and intelligent waiver, no person may be imprisoned for any offense whether classified as a petty misdemeanor or a felony unless he was represented by counsel at the trial. How this or the waiver of any other constitutional right on a plea of guilty can be determined or intelligently reviewed absent a record of what transpired before the plea was accepted escapes us. Reviewing courts have sufficient difficulty in evaluating from a full record whether an individual's guilty plea or his waiver of constitutional rights meet the necessary constitutional standards of due process or equal protection of the law. What is a difficult task for a reviewing court on a full record becomes an impossible task without any record. *Argersinger* and *Warr* compel the conclusion in this case that there is nothing of record, whether the misdemeanant is rich or poor, from which we can review the conclusionary findings of the trial court stated in the docket entry.

It is not the province of this court to determine the method to be used for preserving for review the facts upon which a guilty plea is based. That is a matter for the legislature or the Illinois Supreme Court. We can only hold that the method used must be sufficient to provide an effective review. It must be a record of sufficient completeness to permit proper consideration of the specific claims made by the defendant that his constitutional rights were violated in the acceptance of the plea. Alternative methods of reporting trial proceedings are permissible if they meet this test. (*Draper v. Washington*, 372 U.S. 487, 9 L.Ed.2d 899, 83 S.Ct. 774.) Here, where no method was provided we have no problem in

holding that this defendant was denied his right to an effective review of the constitutional sanctity of the guilty plea.

Accordingly, the judgment of the trial court must be reversed and the cause remanded for proceedings in conformity with the views herein expressed.

Reversed and remanded.

CRAVEN, J., concurs.

Mr. JUSTICE TRAPP dissenting:

The precise issue raised here has been decided by the Illinois Supreme Court in *People v. Richardson,* 43 Ill.2d 318, 253 N.E.2d 420. It is not the province of this court to overrule either that decision or the provisions of Supreme Court Rule 402. *People v. Billingsley,* 97 Ill.App.2d 54, 239 N.E.2d 475.

It further appears that the asserted constitutional issue was neither raised before, nor passed upon, by the trial court. Under the rule of *People v. Luckey,* 42 Ill.2d 115, 245 N.E.2d 769 and *People v. English,* 31 Ill.2d 301, 201 N.E.2d 454, such issue is not properly the subject of review here.

The trial court should be affirmed.