THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FRANK SPURLOCK et al., Defendants-Appellants.

(No. 72-229;

Fifth District—May 16, 1974.

Robert E. Farrell and Theodore A. Gottfried, both of Office of the State Appellate Defender, of Mt. Vernon, for appellants.

W. C. Spomer, State's Attorney, of Cairo, for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from judgments entered by the circuit court of Alexander County against the defendants, Spurlock, Lyerla and Pearl, to pleas of guilty on indictment for burglary.

Each of the defendants was indicted for the offense of theft, burglary, and possession of explosives. The defendants, after originally pleading not guilty, pled guilty to burglary, and, pursuant to a plea agreement, the other charges were dismissed. Defendant Spurlock was sentenced to 1 to 2 years in the penitentiary while the other two defendants, Lyerla

and Pearl, were placed on probation for 2 years. Defendants appealed, requesting that the convictions be reversed and the causes remanded to allow them to plead anew.

The defendants first contend that they did not knowingly waive their rights to remain silent and to have a jury trial. Next, the defendants assert that their guilty pleas were not voluntarily entered.

■■ The defendants' assertion that they did not voluntarily enter their guilty pleas will be considered first. This argument is based on the rule that a plea of guilty induced by unfulfilled promises loses its voluntary nature and shall be considered void. *People v. Pier*, 51 Ill.2d 96, 281 N.E.2d 289; *People v. Mitchell*, 46 Ill.2d 133, 262 N.E.2d 915; *People v. Washington*, 38 Ill.2d 446, 232 N.E.2d 738.

In the instant case the defense counsel advised the court that the guilty pleas were based in part upon the following plea bargaining agreement:

> "* * * and the State would also agree to permit the reservation for purposes of appeal, as to each defendant, all of the three motions to dismiss filed May 30, 1972, by the defense as to each defendant and argued today. And the State would expressly agree that all three are preserved for purposes of appeal *whether or not they may be jurisdictional in nature*." (Emphasis added.)

■■ It is apparent these plea negotiations were based on the premise that the pleas of guilty were to be voluntarily and understandingly made. And, when a plea of guilty is voluntarily and understandingly entered all errors which are not jurisdictional in nature are waived. (*People v. Brown*, 41 Ill.2d 503, 244 N.E.2d 159; *People v. Goodwin*, 5 Ill.App.3d 1091, 284 N.E.2d 430.) Since, in the negotiations the prosecution agreed to the appeal of "motions" which were not jurisdictional in nature, and the denial of such motions would be waived by the contemplated voluntary pleas understandingly entered, neither the prosecution nor the defendants are able to preserve the denial of such "motions" for the purposes of review. As a result the guilty pleas lost their voluntary nature and are deemed void. *People v. Pier*, 51 Ill.2d 96, 381 N.E.2d 289; *People v. Mitchell*, 46 Ill.2d 133, 262 N.E.2d 915; *People v. Washington*, 38 Ill. 2d 446, 232 N.E.2d 738.

We therefore vacate the judgments below. The causes are remanded with directions to allow each defendant to withdraw his plea of guilty and to plead anew. In view of the foregoing it is not necessary to reach defendants' other contentions.

Judgments below are vacated; causes remanded with directions.

G. MORAN, P. J., and CARTER, J., concur.