THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALBERT GREEN, Defendant-Appellant.

(No. 12155;

Fourth District—September 5, 1974.

John F. McNichols and J. Daniel Stewart, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Patrick M. Walsh, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE KUNCE delivered the opinion of the court:

The defendant was sentenced to an indeterminate term of 14 to 18 years on a negotiated plea of guilty to one count of a two-count indictment charging murder of Velma Daley by striking her during the course of a robbery on April 28, 1972. The record reflects that the plea was a part of defendant's plea negotiations on two different robbery charges allegedly committed on July 17, 1972, wherein one charge was to be dismissed, together with the second count of murder; and the defendant would also plead guilty to the other robbery charge with a 2- to 7-year term to run concurrently with the murder term. The defendant confessed all the crimes while in custody on July 19, 1972. His motions to suppress various evidence including the murder confession were heard and denied by the trial court.

This is an appeal of the murder conviction and the only question raised is whether defendant's plea of guilty to the murder charge was made knowingly and voluntarily by reason of the fact that the defense counsel indicated at the time the plea was taken that the plea was not intended to waive the defendant's nonexistent right to appeal the court's ruling on the motions to suppress confessions.

The defense has not raised the issue of incompetence of counsel nor contended that the defendant was tricked or misled into pleading guilty nor has the voluntariness of the plea or the adequacy of the trial court's admonition been attacked on any basis other than that dealing with waiver of the right to appeal the ruling on the motion to suppress.

The trial court found that the plea was voluntarily and knowingly entered and fixed sentence of 14 to 18 years in accordance with the plea negotations. After the factual basis for the plea was introduced into the record, the following discourse ensued:

"THE COURT: Mr. Johnson, anything to add to the factual representation?

MR. JOHNSON: Yes, Your Honor. I would like it to be made clear in the record as far as in this cause, Mr. Green has made a confession which this Court has found to be valid and since our motion to suppress that confession was denied, the likelihood of conviction at this level is very strong, and our plea is based on that likelihood with the inclusion of this confession. Without that finding, there probably would not have been a plea of guilty and we don't intend in this plea to constitute any waiver of his right to appeal concerning the validity of any confession he may have made in this case.

As far as the factual representations concerning the cause of death, I have interviewed Doctor Crisastomo concerning pathology

and cause of death and I am in agreement with the statement made by the State's Attorney on this matter.

THE COURT: Mr. Green, I asked before and I ask again, do you understand the deal that is being presented to the court?

DEFENDANT: Yes."

It is clear that defense counsel could not reserve the right to appeal the denial of the motion to suppress since a voluntary guilty plea waives all non-jurisdictional errors in defendant's conviction. *Tollett v. Henderson,* 411 U.S. 258, 36 L.Ed.2d 235, 93 S.Ct. 1602; *People v. Dunn,* 52 Ill. 2d 400, 288 N.E.2d 463.

■■ Whether or not defense counsel was aware of this fundamental proposition of law does not determine his incompetency nor indicate that defendant was misled by him even if these issues had been raised. In *Henderson,* the Supreme Court held that when a defendant pleads guilty on advice of counsel, to sustain a contention of incompetence of counsel, he must demonstrate that the advice was not within the range of competence demanded of attorneys in criminal cases. The decision of *McMann v. Richardson,* 397 U.S. 759, 25 L.Ed.2d 763, 90 S.Ct. 1441, makes it clear that the question of being misled by counsel goes to the issue of effective assistance of counsel rather than directly to the issue of voluntariness of the guilty plea. Here the court stated:

"Whether a plea of guilty is unintelligent and therefore vulnerable when motivated by a confession erroneously thought admissible in evidence depends as an initial matter, * * * on whether that advice was within the range of competence demanded of attorneys in criminal cases." (397 U.S. at 770, 771.)

When we examine this record before us on the matter of the advice of counsel to plead guilty as distinguished from any misrepresentations concerning the right to appeal, it would be quite difficult indeed to find that the advice was beyond the range of competence demanded of attorneys in criminal cases. The advice to plead guilty resulted from a negotiation whereby a 14- to 18-year sentence would be imposed for murder, concurrently with another sentence on a totally separate robbery conviction, and other charges would be dropped. In addition, defendant had made several confessions which had withstood counsel's motion to suppress, and it was conceded that defendant would probably be convicted on the basis of these confessions and other corroborative evidence.

Although we do not pass upon the correctness of the trial court's ruling on the motion to suppress, as that question is not before us, there is no contention, appearance or indication either from the motion, the evidence introduced on it or the court's ruling thereon, of gross obvious

error; absent which, the advice to plead guilty rather than risk the ruling on the motion at the appellate level, and the sure loss of the concurrent sentence for the armed robbery and the minimal sentence given on a brutal attack and murder, hardly appears to be incompetent.

The defendant's contention is that the trial court should have admonished him that his guilty plea waived his right to appeal the issue of the court's ruling on the motion to suppress, otherwise his plea was qualified and not knowingly made. To support this contention, the defense cites two Fifth District appellate decisions, *People v. Sims*, 133 Ill.App.2d 878, 272 N.E.2d 443, and *People v. Spurlock*, 19 Ill.App.3d 474, 311 N.E.2d 739. The trial court in *Sims* did admonish the defendant that by pleading guilty he waived any error in the court's denial of his motion for discharge under the 120-day rule; however, the language of the court approving the trial court's admonition in that case cannot be interpreted as necessary for the court's decision nor as a mandate requiring such admonition by trial courts in all cases under the same or similar circumstances. In *Spurlock*, the State's attorney joined with defense counsel's misrepresentations of nonwaiver of errors on appeal of the court's ruling on non-jurisdictional motions by erroneously agreeing and expressly stating when the plea was accepted that the errors in such rulings would be preserved for purposes of appeal. There the misrepresentations of the State in addition to that of defense counsel, without admonishment by the court, would bring the plea of guilty within the line of cases holding that where a defendant has been misled by *the court* or *the prosecutor*, not defense counsel, as to a matter of fact or law, his guilty plea cannot stand. *Spurlock* did not deal with misrepresentations caused by defense counsel only. Such is not true in the case before us, nor does the defense raise any issue of defendant's being misled or tricked into pleading guilty.

■■ The fact that the defendant did not correctly assess every relevant factor entering into his decision to plead guilty does not render his plea invalid. (*Brady v. United States*, 397 U.S. 742, 25 L.Ed.2d 747, 90 S.Ct. 1463.) This includes the situation where at the time of the plea the defendant may have had a possible claim to suppress evidence, which in itself does not render a plea of guilty involuntary where the defendant is represented by counsel and his plea is fully explained. *People v. Covington*, 45 Ill.2d 105, 257 N.E.2d 106.

With respect to the admonition itself, it is clear that Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, ¶ 402) was substantially complied with, as were the requirements of *Boykin v. Alabama*, 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709. *Boykin* requires that because a guilty plea is itself a conviction which necessarily involves the waiver of three

important constitutional rights, that waiver must be knowing and understanding. *Boykin* however deals only with the constitutional rights of freedom from self-incrimination, jury trial, and confrontation of accusers. The admonishment here clearly indicates that those rights were knowingly and voluntarily waived.

Supreme Court Rule 402, if complied with, satisfies the *Boykin* requirements. Rule 402 goes even further than *Boykin* in its requirements for admonitions prior to the acceptance of guilty pleas, but neither *Boykin* nor Rule 402 requires that the defendant be admonished that his guilty plea waives error in a prior ruling on a motion to suppress; and we do not believe that it should be so broadened absent decision or amendment of the Rule by the supreme court. This court in *People v. Prater*, 12 Ill.App.3d 452, 299 N.E.2d 26, has held that where a defendant urged that his plea was invalid because the trial judge failed to admonish him that by pleading guilty he was waiving any defense involving search and seizure of certain evidence, did not require such an expansion of Rule 402 which is specific in its requirements. This case does not differ in substance from *Prater*, by reason of the fact that the record here indicates that counsel claimed he did not waive defenses pertaining to the motion to suppress a confession.

■■ The advice of counsel to plead guilty was competent, Supreme Court Rule 402 was complied with and we find that the defendant's plea was knowingly and intelligently entered; and for the reasons stated in this opinion, the judgment of the circuit court of Macon County is affirmed.

Affirmed.

SMITH, P. J., and CRAVEN, J., concur.