THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TRACY LEE CUNNINGHAM, Defendant-Appellant.

Fourth District   No. 4—94—0978

Opinion filed January 28, 1997.

Daniel D. Yuhas, Gary R. Peterson, and Marion Wanless, all of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

In March 1994, defendant Tracy Lee Cunningham was charged with the offense of unlawful possession of controlled substance with a prior unlawful possession of controlled substance with intent to deliver conviction, in violation of section 402(c) of the Illinois Controlled Substances Act (720 ILCS 570/402(c) (West 1992)). Following the denial of his motion to suppress, defendant entered a negotiated plea. Under the terms of the plea, defendant was sentenced to 2 1/2 years in the Department of Corrections, to run consecutive to a prior sentence. Defendant filed a timely motion to withdraw his plea of guilty, alleging that the court had erroneously denied his motion to suppress and that defendant wished to appeal that denial.

At the hearing on defendant's motion to withdraw the guilty plea, the court asked defendant's attorney if he had any arguments or comments. Counsel responded:

"Judge, we don't wish to offer any comments or argument. The basic purpose of this is, and I told [the assistant State's Attorney] this before the plea, Your Honor, is strictly to test the question of the suppression of evidence; whether it was properly suppressed or not, Your Honor, and that is basically the reason for the appeal."

The assistant State's Attorney argued that the motion should be

denied, noting that he understood "it's being done for the purpose of preserving the issue on appeal[,] the Motion to Suppress."

■ A defendant who wishes to appeal the denial of a motion to suppress makes a mistake in pleading guilty. A voluntary guilty plea waives all nonjurisdictional errors or defects. A stipulated bench trial, on the other hand, "allows the parties to proceed with the benefit and convenience of a guilty plea procedure, but avoids the waiver rule." *People v. Scott*, 277 Ill. App. 3d 579, 582, 660 N.E.2d 555, 558 (1996). The federal rules provide for a conditional guilty plea (see Fed. R. Crim. P. 11(a)(2)), and in some jurisdictions a defendant may enter a guilty plea but expressly reserve the right to appeal a specified pretrial ruling. W. LaFave & J. Israel, Criminal Procedure § 21.6(b), at 952 (2d ed. 1992). Allowing a defendant to simply reserve the right to appeal while pleading guilty is something like allowing him to have his cake and eat it too. Defendant gets the benefit of a negotiated plea, but the case is not over. In Illinois, the only way to preserve an issue on appeal without going through a trial is a stipulated bench trial. The court is not bound by an agreement between the prosecution and defense if there is a stipulated bench trial. 134 Ill. 2d R. 402(d)(3); compare *People v. Sutton*, 229 Ill. App. 3d 960, 964-65, 594 N.E.2d 752, 754-55 (1992) (State agreed to recommend 40 years' imprisonment in exchange for a stipulated bench trial).

This court has held that a defendant may waive his right to appeal as a part of a plea negotiation, although he may still be able to challenge the guilty plea by a motion to withdraw it. *People v. Fearing*, 110 Ill. App. 3d 643, 644-45, 442 N.E.2d 939, 940 (1982). The question may be asked why it is desirable for a defendant to waive his right to appeal, subject to his right to file a motion to withdraw plea, when a guilty plea waives all errors or defects anyway. The answer is that the defendant in *Fearing* did not plead guilty, in a technical sense, to the charges which he attempted to appeal: he pleaded guilty to a charge in a companion case after he had been convicted of two offenses in the first case, the agreed sentences on the three offenses were specified, and five remaining charges were dismissed. As the *Fearing* court stated, by insulating the convictions from review, the agreement operated much like a guilty plea to those charges and was in fact part of one. It would be redundant for a defendant to waive his right to appeal charges to which he has pleaded guilty. See *People v. Houle*, 257 Ill. App. 3d 721, 629 N.E.2d 837 (1994); *People v. Nichols*, 143 Ill. App. 3d 673, 493 N.E.2d 677 (1986).

Stipulated bench trials can be tricky. If a defendant stipulates not just to the sufficiency or existence of the evidence, but to the sufficiency of the evidence to convict, then the stipulation is tantamount

to a guilty plea, Supreme Court Rule 402(a) (134 Ill. 2d R. 402(a)) admonishments are required, and apparently there may be no consideration of the reserved issue on appeal. *People v. Horton*, 143 Ill. 2d 11, 22, 570 N.E.2d 320, 325 (1991). Even where the proper language is used, and the issue is reserved, a stipulated bench trial may be very much like a guilty plea. The trial court is not bound by any negotiated sentence (134 Ill. 2d R. 402(d)(3)), but defendant may give up his privilege against self-incrimination, his right to trial by jury, and his right to confront his accusers. Many trial courts, out of a sense of caution, choose to give Rule 402(a) admonishments to defendants who are participants in a stipulated bench trial. The fact that those admonishments are given does not transform the stipulated bench trial into a guilty plea. *People v. Manuel*, 242 Ill. App. 3d 20, 24, 609 N.E.2d 995, 997 (1993).

It could be argued that Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) allows a suppression ruling to be appealed, after the denial of a motion to withdraw the plea of guilty and vacate the judgment. Rule 604(d) provides that "[u]pon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived." 145 Ill. 2d R. 604(d). Rule 604(d), however, does not contemplate the appeal of issues unrelated to the judgment and sentence. Whether a motion to suppress was denied has nothing to do with whether the judgment and sentence are proper; the judgment and sentence depend on the guilty plea, not upon any evidence. *McMann v. Richardson*, 397 U.S. 759, 773, 25 L. Ed. 2d 763, 775, 90 S. Ct. 1441, 1450 (1970) ("[t]he defendant who pleads guilty is in a different posture").

It is true that misrepresentations by counsel, or a defendant's misapprehension of the facts or of the law, can be grounds for the withdrawal of a guilty plea. However, whether to permit a guilty plea to be withdrawn is within the sound discretion of the court. *People v. Pugh*, 157 Ill. 2d 1, 13, 623 N.E.2d 255, 261 (1993). Whether vacation of the plea is required depends on whether real justice has been denied or whether defendant has been prejudiced. *People v. Davis*, 145 Ill. 2d 240, 251, 582 N.E.2d 714, 719 (1991). Compare *Davis*, 145 Ill. 2d at 244, 582 N.E.2d at 716, quoting *People v. Morreale*, 412 Ill. 528, 531-32, 107 N.E.2d 721, 723 (1952) (" 'or where the ends of justice will be better served' "), with *People v. Hillenbrand*, 121 Ill. 2d 537, 545, 521 N.E.2d 900, 903 (1988) ("and the ends of justice would better be served"). A defendant may enter a guilty plea because of some erroneous advice by counsel, but that fact alone does not destroy the voluntary nature of the plea; it must be shown that defendant was denied the effective assistance of counsel under the *Strick-*

*land* test. *Pugh*, 157 Ill. 2d at 14, 623 N.E.2d at 261, citing *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984). This is because a defendant may choose to enter into a negotiated plea of guilty even if he has a meritorious motion to suppress. A defendant should not be allowed to withdraw his plea when the real basis for his withdrawal is that he is dissatisfied with the length of his sentence. *People v. Fern*, 240 Ill. App. 3d 1031, 1042, 607 N.E.2d 951, 961 (1993).

In *People v. Spurlock*, 19 Ill. App. 3d 474, 475, 311 N.E.2d 739, 740 (1974), defense counsel advised the court the plea agreement included the following: " 'the State would also agree to permit the reservation for purposes of appeal, as to each defendant, [of] all of the three motions to dismiss filed May 30, 1972, by the defense.' " The appellate court held that the rulings on the motions could not be considered, that a plea of guilty waived all errors which are not jurisdictional in nature. *Spurlock*, 19 Ill. App. 3d at 475, 311 N.E.2d at 740. The court, however, vacated the judgments and remanded with directions to allow each defendant to withdraw his plea of guilty and to plead anew, based on the rule that a plea of guilty induced by unfulfilled promises loses its voluntary nature and is considered void. *Spurlock*, 19 Ill. App. 3d at 475, 311 N.E.2d at 740; see also *People v. Sims*, 133 Ill. App. 2d 878, 272 N.E.2d 433 (1971) (conviction affirmed where defense counsel indicated rulings could be appealed despite guilty plea, but trial court advised defendant that was wrong, and defendant entered guilty plea anyway).

In *People v. Green*, 21 Ill. App. 3d 1072, 316 N.E.2d 530 (1974), the defendant entered a negotiated plea, but defense counsel stated his intent that the plea not constitute any waiver of defendant's right to appeal the court's earlier denial of a motion to suppress confession. The appellate court held that "[t]he advice of counsel to plead guilty was competent." *Green*, 21 Ill. App. 3d at 1076, 316 N.E.2d at 534. The court distinguished *Sims* and *Spurlock* as "within the line of cases holding that where a defendant has been misled by *the court* or *the prosecutor*, not defense counsel, as to a matter of fact or law, his guilty plea cannot stand." (Emphasis in original.) *Green*, 21 Ill. App. 3d at 1075, 316 N.E.2d at 533. We question the distinction. Defense counsel's announced understanding of the plea agreement at the time the plea was accepted was that there could be an appeal, and neither the trial court nor the prosecutor suggested that understanding was mistaken.

■ In any event, the present case is more similar to *Spurlock* than it is to *Green*. Although there was no discussion here of waiver of the right to appeal at the time the plea was accepted and sentence

was imposed, at the hearing on the motion to withdraw the guilty plea defense counsel stated his understanding and that he had told the assistant State's Attorney of that understanding during plea negotiations. The assistant State's Attorney did not deny that understanding was a part of the plea negotiations, and in fact stated that the purpose of the motion to withdraw guilty plea was "for the purpose of preserving the issue on appeal [of] the Motion to Suppress." The only issue raised in the motion to vacate plea was that the motion to suppress was erroneously denied and that defendant wished to appeal that denial. As in *Spurlock*, we are presented here with a plea of guilty induced by unfulfilled promises. The judgment must be vacated and the cause remanded with directions to allow defendant to withdraw his plea of guilty and to plead anew. *Cf. Davis*, 145 Ill. 2d at 246, 582 N.E.2d at 717 (agreement was that defendant would be referred to Treatment Alternatives to Street Crimes (TASC), not that defendant qualified for TASC).

In some cases, a misunderstanding over the terms of a plea agreement may be resolved by the court's admonitions (134 Ill. 2d R. 402(a)), in particular the court's question to defendant whether any promises were made to him, apart from those set out in the plea agreement (134 Ill. 2d R. 402(b)). That is not true in the present case. A defendant can be expected to know, for example, whether he has been promised a sentence of five years or a sentence of three years. A defendant cannot be expected to know that the appeal of a court's ruling on a motion to suppress, after the entry of a guilty plea, is something out of the ordinary or is a promise that should be disclosed to the trial court.

We would also find ineffective assistance of counsel in the entry of the guilty plea sufficient to vacate the guilty plea in this case. Claims of ineffective assistance of counsel are examined under the two-prong test established in *Strickland*. Under *Strickland*, a defendant must show (1) his attorney's performance fell below an objective standard of reasonableness, as measured by reference to prevailing professional norms, and (2) the substandard representation so prejudiced defendant that there is a reasonable probability that, absent the errors, the outcome would have been different. *People v. Gosier*, 165 Ill. 2d 16, 21, 649 N.E.2d 364, 367 (1995). The *Strickland* test is applicable to challenges to guilty pleas alleging the ineffective assistance of counsel. *People v. Palmer*, 162 Ill. 2d 465, 476, 643 N.E.2d 797, 802 (1994). In *Palmer*, defendant, charged with murder, entered an " 'open plea' " of guilty but was sentenced to death. *Palmer*, 162 Ill. 2d at 478-79, 643 N.E.2d at 803. The supreme court concluded that counsel's strategy not to pursue plea negotiations and to have

defendant throw himself on the mercy of the court did not deny defendant effective assistance of counsel.

This is not a case where defendant tested the waters with his guilty plea, is disappointed with his sentence, and is looking for an excuse to set aside his plea. It appears from trial counsel's comments at the hearing on the motion to withdraw the guilty plea that defendant had the overriding determination to appeal the trial court's denial of defendant's motion to suppress. Of course, the result achieved was exactly opposite to the result sought. While there are instances in which the decision to forgo a stipulated bench trial and, instead, to enter a guilty plea can be seen as strategic, such is not the case here. *Davis*, 145 Ill. 2d at 250, 582 N.E.2d at 719 (rejecting State's argument that defendant sought to withdraw plea simply because he received a sentence different from what he hoped for).

The prejudice prong of the *Strickland* test requires the defendant to show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 88 L. Ed. 2d 203, 210, 106 S. Ct. 366, 370 (1985). The parties set forth differing measures of "prejudice." The State argues that defendant has not shown that he was prejudiced, because an appeal of the denial of the motion to suppress would have been futile. See *Green*, 21 Ill. App. 3d at 1074-75, 316 N.E.2d at 533 (advice not beyond range of competence where negotiation resulted in a favorable sentence, defendant had confessed, and although the ruling on the motion to suppress "is not before us," there is no indication of "gross obvious error"). Thus, the State addresses the merits of the denial of the motion to suppress, the very issue that is not appealable due to the fact that defendant entered a guilty plea. Defendant, on the other hand, argues he was prejudiced because, "but for" counsel's erroneous advice, he would have opted for a stipulated bench trial and then appealed the denial of his motion to suppress.

In *People v. Moore*, 133 Ill. 2d 331, 549 N.E.2d 1257 (1990), the defendant was denied a direct appeal due to his counsel's failure to perfect an appeal. The supreme court, in interpreting decisions of the United States Supreme Court, noted that it appears as though "a criminal defendant must at some point be afforded the equivalent of direct review and an appellate advocate; a court cannot deny a defendant an attorney-assisted appeal by examining the record and determining that defendant would not have succeeded on appeal in any event." *Moore*, 133 Ill. 2d at 339, 549 N.E.2d at 1261, citing *Penson v. Ohio*, 488 U.S. 75, 86, 102 L. Ed. 2d 300, 312-14, 109 S. Ct 346, 352-54 (1988). The court also noted that *Strickland* "cannot be ap-

plied where a defendant is effectively denied appellate counsel; in such an instance prejudice is presumed to have resulted." *Moore*, 133 Ill. 2d at 339, 549 N.E.2d at 1261, citing *Penson*, 488 U.S. at 88, 102 L. Ed. 2d at 313-14, 109 S. Ct at 353-54.

We find the reasoning in *Moore* applicable to the case at bar. Through no fault of his own, but on the erroneous advice of trial counsel, defendant has been, in essence, denied the direct review of the denial of his motion to suppress. Trial counsel's mistake is akin to failing to perfect an appeal. Following the example of *Moore*, we will presume prejudice.

For the foregoing reasons, the judgment is vacated and the cause remanded with directions to allow defendant to withdraw his plea of guilty and plead anew. Defendant must choose between having a negotiated plea and being able to appeal the denial of his motion to suppress.

Vacated and remanded.

GARMAN and GREEN, JJ., concur.