NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190808-U

NO. 4-19-0808

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 12, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Vermilion County |
| CORDERO MILLER, | ) | No. 16CF272 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas M. O'Shaughnessy, |
| | ) | Judge Presiding. |

_____

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices Knecht and Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, concluding defendant did not receive ineffective
assistance of counsel during guilty plea negotiations.

¶ 2    In July 2017, defendant, Cordero Miller, pleaded guilty to unlawful possession of
a weapon by a felon.  In September 2017, the trial court sentenced defendant to eight years'
imprisonment.  In May 2018, defendant filed an amended motion to reconsider his sentence
alleging, in part, ineffective assistance of trial counsel during plea negotiations causing defendant
to accept a plea offer for a longer prison sentence.  The court ultimately denied the motion to
reconsider sentence.

¶ 3    Defendant appeals, arguing he received ineffective assistance of counsel during
plea negotiations that caused him to reject an offer for a lower sentence.  For the following
reasons, we affirm the trial court's judgment.

¶ 4                                  I. BACKGROUND

¶ 5        In January 2017, the State filed a second amended information charging defendant with (1) unlawful possession of a weapon by a felon (count I) (720 ILCS 5/24-1.1(a) (West 2016)), (2) possession of a stolen firearm (count II) (720 ILCS 5/24-3.8 (West 2016)), and (3) unlawful possession of a weapon by a felon (forcible felony) (count III) (720 ILCS 5/24-1.1(a) (West 2016)).

¶ 6        In July 2017, defendant signed an admonishment of rights form detailing the terms of his partially negotiated plea agreement. Under the terms of the agreement, the State agreed to a maximum sentence cap of eight years' imprisonment and "defendant can ask for boot camp."

¶ 7        At the plea hearing, defense counsel informed the trial court defendant did not read or write well, so she orally explained the terms of the plea and the admonishment of rights form. Defendant confirmed he understood the English language when he heard it and indicated he reviewed the admonishment of rights form with his attorney. Defendant affirmed his understanding of the plea agreement was consistent with the terms on the admonishment of rights form. The court found a factual basis for the plea and accepted defendant's guilty plea.

¶ 8        After the trial court accepted defendant's plea, defense counsel stated, "And Your Honor, just briefly, I did not mention it. It is on the admonishment of rights form though, that we are able to ask for impact incarceration." The State interjected to make clear that, although impact incarceration was a sentencing option, it was not agreeing to impact incarceration. The court had the following exchange with defendant:

            "THE COURT: Mr. Miller, as part of this plea agreement,

            you have not waived your right to ask for an impact incarceration

recommendation or a boot camp recommendation by the Court.
The State is, however, not agreeing to concur in that
recommendation, but it is a sentencing option for the Court. Do
you understand that?

  THE DEFENDANT: Yes.

  THE COURT: Do you understand that the State is not
agreeing to that?

  THE DEFENDANT: Yeah."

The court then set the matter for a sentencing hearing.

¶ 9  In August 2017, defendant filed a motion to withdraw his guilty plea. The motion stated, "During plea negotiations, the Assistant State's Attorney offered for the Defendant to plead guilty to count 2, a class 2 special penalty, for a maximum of 8 years with the ability to ask for impact incarceration OR to take 5.5 years in the Illinois Department of Corrections with no potential for an impact incarceration sentence." The motion further alleged defendant was under the mistaken belief that the State agreed to recommend impact incarceration when the State did not agree to the recommendation. According to the motion, defense counsel was unclear in explaining defendant's options and defendant was not clear on the implication of his plea when he entered into the agreement.

¶ 10  At the sentencing hearing, defense counsel withdrew the motion to withdraw defendant's guilty plea. The trial court asked defendant about the misunderstanding, and defendant stated he learned of the misunderstanding at the plea hearing when the State represented it would not agree to recommend impact incarceration. Defendant agreed he pleaded guilty even though no one referenced impact incarceration during the guilty plea proceedings.

Defendant stated he did not want to withdraw his guilty plea because the State informed him his only option was trial if he withdrew his guilty plea. Defendant stated he wanted to go forward with his sentencing hearing. Defense counsel further clarified and said,

> "I in my attempt to make it clear that even if impact incarceration was recommended that it was up to the Department of Corrections whether or not he was accepted into the program. I think that I—and I do take responsibility and we have discussed it at length since then, I think I may have glossed over at the not every one's agreeing to it at this stage, I was more if we do get it here it's still not a guarantee, but we've since clarified all that and I think that Mr. Miller understands where we're at now."

Defendant reiterated that he wished to proceed with the sentencing hearing. The court sentenced defendant to eight years' imprisonment followed by two years of mandatory supervised release.

¶ 11    Defendant filed a motion to reconsider his sentence, arguing (1) the court failed to sufficiently consider the mitigating factors and (2) his sentence was excessive given the facts and circumstances of the offense. Counsel failed to file a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). The trial court denied the motion to reconsider. Defendant appealed, and this court allowed the agreed motion for summary remand for the filing of a Rule 604(d) certificate, the opportunity to file a new postplea motion, a new hearing and ruling on the motion, and strict compliance with Rule 604(d).

¶ 12    On remand, defense counsel filed an amended motion to reconsider the sentence. The amended motion alleged, in part, that defendant received ineffective assistance of counsel during plea negotiations that resulted in him accepting a plea offer for a longer prison sentence.

According to the motion, the State offered defendant two alternative plea agreements: (1) the State agreed to seek no more than eight years' imprisonment and allow defendant to ask the court to recommend impact incarceration or (2) "a plea of 5.5 years in the Department of Corrections." The motion further alleged it was not made clear to him that the State was not in agreement as to the impact incarceration recommendation. Finally, the motion stated, "If the terms of the plea agreement were properly communicated to the defendant, he would have accepted the plea of 5.5 years."

¶ 13　　　　The trial court appointed a new attorney to represent defendant and scheduled a new hearing on the amended motion. In November 2019, the court held a hearing on defendant's amended motion to reconsider sentence. Defendant testified it was his understanding that he could accept either a five-and-a-half-year sentence or a maximum of eight years with the ability to ask for impact incarceration. According to defendant, he did not take the five-and-a-half-year plea deal because defense counsel told him he could get "boot camp" if he took the eight-year maximum plea deal and he would serve no more than six years. Defendant testified his attorney did not tell him the State would not agree to recommend impact incarceration until after he pleaded guilty. Defendant stated defense counsel advised him not to take the shorter plea deal. Defendant testified, "She said we would have a chance, go with the open plea, blind plea to zero to eight, that most likely, I would get boot camp, but if not, it would be just six years. So basically, I'm taking a chance of going with the boot camp, but if they don't agree to it, it will be just six more—I mean, it just be six more months than the original five and a half years."

¶ 14　　　　Defendant explained that after the plea hearing, he contacted defense counsel and told her he did not understand what happened. After counsel explained, defendant wanted to go back and take the five-and-a-half-year plea deal. After defense counsel filed a motion to

withdraw the guilty plea, she informed defendant the State was no longer offering a plea deal if he withdrew the guilty plea. Defendant testified he withdrew the motion to withdraw his guilty plea because he did not want to go to trial.

¶ 15 Defense counsel testified defendant had an offer prior to entry of her appearance. According to defense counsel, she filed a motion to suppress evidence and she believed that caused the State to withdraw its initial plea offer. After the motion to suppress was denied, the State offered "the option of either taking a flat five years, or a plea with a maximum of eight years, and we would have a sentencing hearing and ask for boot camp."

¶ 16 Defense counsel testified she knew defendant was unable to read and write so she went over the admonishment of rights form with him. According to defense counsel, she provided defendant with ineffective assistance of counsel because she failed to make him aware, before his guilty plea, that the State was not in agreement with impact incarceration before his guilty plea. Defense counsel testified she focused on making sure defendant understood impact incarceration was not guaranteed because it was ultimately in the hands of the Department of Corrections. Defense counsel stated, "I think because I really wanted to emphasize to him that it's not a guarantee. You could still go to IDOC. They can do a physical, maybe you have a heart murmur you don't know about, maybe your asthma, whatever. I think I focused on that, and not on the fact that we are asking for impact incarceration and not agreeing to it."

¶ 17 When asked if defendant would have been able to understand that the State's refusal to agree to impact incarceration made it less likely the court would agree to impact incarceration, defense counsel agreed defendant would understand that. When asked if she explained the situation to defendant that way, defense counsel stated, "I honestly, I would like to think that I did, but like I said, my recollection of the extent of our conversation was focusing on

the fact that the end decision was up to the Department of Corrections." Defense counsel believed defendant would have accepted the five-and-a-half-year plea deal if the plea agreement were properly communicated to him.

¶ 18 According to defense counsel, defendant contacted her shortly after the guilty plea hearing "essentially to say that wasn't what we talked about." Defendant indicated he wanted to take the five-and-a-half-year plea deal. Defense counsel testified defendant's specific complaint about the guilty plea "was the boot camp issue." Defense counsel explained that, at the sentencing hearing, "the court had the option to recommend him for impact incarceration, and we would present our mitigation, the State would present their aggravation, and the judge would decide."

¶ 19 Defense counsel spoke with the State after she filed a motion to withdraw the guilty plea. If defendant proceeded with his motion to withdraw the plea, all plea offers from the State were no longer available and defendant's only options were trial or an open plea. When defendant appeared at the sentencing hearing, he withdrew his motion to withdraw guilty plea.

¶ 20 Following argument, the trial court asked counsel if defendant should have proceeded on his motion to withdraw his guilty plea and asked the court to order the State to leave the lower plea offer open. Newly appointed counsel agreed that was the time when defendant should have sought to enforce the lower plea offer. However, because that time had passed, counsel asked the court to reconsider its sentence and sentence defendant to five-and-a-half years in prison.

¶ 21 The trial court found the issue of ineffective assistance of counsel during the plea negotiations stage was irrelevant to the motion to reconsider sentence, which focused on errors

committed by the court. Even so, the court found counsel's performance at the plea negotiation stage failed to constitute ineffective assistance of counsel. The court stated as follows:

> "Despite [defense counsel's] willingness to fall on her own sword with respect to this, her testimony wasn't that there hadn't been a discussion with [defendant], with respect to the State not agreeing to recommend impact incarceration at sentencing, but rather that she glossed over that and focused instead on the ultimate decision being a decision by the Department of Corrections.
>
> The Court notes that the 402 admonishment form filed in this case advises the [d]efendant the terms of his plea agreement being a maximum of eight years, and it goes on to say [d]efendant can ask for boot camp. There's no reference in that form to the State agreeing to recommend boot camp."

The court noted defense counsel discussed the terms of the plea agreement with defendant. Moreover, nothing in the initial statement to the court about the plea agreement mentioned the State agreeing to impact incarceration. The court's recitation of its understanding of the plea terms also failed to refer to an agreement about impact incarceration, and defendant indicated he understood the terms of the plea agreement.

¶ 22 After the court accepted defendant's guilty plea, defense counsel mentioned impact incarceration, and the State indicated it did not agree to recommend impact incarceration. The court confirmed defendant understood those terms. The court concluded that "[t]he time for the [d]efendant to have asked the [c]ourt to enforce the original plea agreement would have been

- 8 -

in conjunction with his motion to withdraw his plea." Instead, defendant chose to withdraw his motion to withdraw his guilty plea. The trial court denied the motion to reconsider defendant's sentence.

¶ 23 This appeal followed.

¶ 24       II. ANALYSIS

¶ 25 On appeal, defendant argues he received ineffective assistance of counsel during plea negotiations that caused him to reject an offer for a lower sentence.

¶ 26 "In general, the standard of review for determining if an individual's constitutional rights have been violated is *de novo*." *People v. Hale*, 2013 IL 113140, ¶ 15, 996 N.E.2d 607. The sixth amendment guarantees a defendant the right to the effective assistance of counsel during the plea-bargaining process. *Id.* "[C]laims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in *Strickland*." *Missouri v. Frye*, 566 U.S. 134, 140 (2012).

¶ 27 "A defendant may enter a guilty plea because of some erroneous advice by counsel, but that fact alone does not destroy the voluntary nature of the plea; it must be shown that defendant was denied the effective assistance of counsel under the *Strickland* test." *People v. Cunningham*, 286 Ill. App. 3d 346, 349-50, 676 N.E.2d 998, 1001 (1997). To prevail, the defendant must show (1) deficient performance (*i.e.*, counsel's representation fell below an objective standard of reasonableness), and (2) prejudice (*i.e.*, a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different). *People v. Crenshaw*, 2012 IL App (4th) 110202, ¶ 13, 974 N.E.2d 1002 (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984)).

"To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time."

*Frye*, 566 U.S. at 147.

¶ 28    As an initial matter, we note defendant does not argue the trial court erred in denying his motion to withdraw his guilty plea because the trial court never ruled on such a motion. Instead, defendant argues his conviction should be vacated following the trial court's denial of a motion to reconsider the sentence and the matter should be remanded for the State to make the last two plea offers available and allow defendant to decide which plea to accept. Defendant does not cite any authority involving a similar procedural posture. However, the State makes no argument on this point and argues the merits of defendant's ineffective assistance of counsel claim. Accordingly, we address defendant's claim under the two-prong test from *Strickland*.

¶ 29    Defendant first asserts counsel provided ineffective assistance of counsel because she did not adequately ensure defendant understood the State did not agree to impact incarceration. Defendant argues he has demonstrated prejudice where the records shows a reasonable probability that, but for counsel's deficient performance, he would have accepted a more beneficial plea agreement.

¶ 30    Here, the record unequivocally shows the State's agreement to recommend impact incarceration was not a term of the plea agreement. The admonishment of rights form clearly showed the State agreed to a maximum sentence cap of eight years' imprisonment and "defendant can ask for boot camp." Nothing about impact incarceration was mentioned prior to the trial court accepting defendant's plea deal. This was so because the only term of the plea regarding impact incarceration was preserving defendant's right to ask for it, not ensuring the State agreed to recommend it.

¶ 31    As the trial court noted, defense counsel's testimony was not that she failed to inform defendant that the State did not agree to impact incarceration. Instead, her testimony established that she discussed the eight-year plea deal with defendant and emphasized that, even if there was a recommendation for impact incarceration, the decision was ultimately up to the Department of Corrections. Additionally, defense counsel testified she informed defendant not everyone who is recommended for impact incarceration is allowed into the program and, of those allowed in, not everyone completed the program. Counsel stressed impact incarceration was not guaranteed. Nevertheless, defendant chose to reject the five-and-a-half-year plea offer in favor of gambling on the eight-year plea with the ability to seek a recommendation for impact incarceration.

¶ 32	Moreover, even if defense counsel failed to inform defendant that the State did not agree to impact incarceration, the trial court raised this at the guilty plea hearing. The court specifically asked defendant if he understood the State did not agree to impact incarceration, and defendant responded affirmatively. While the trial court had accepted defendant's guilty plea shortly before that, no orders had been entered. Defendant had the opportunity to inform the court of his alleged misunderstanding of the terms of the plea deal at the hearing and did not. Defendant argues his actions following the plea hearing indicated he had a mistaken belief that the State agreed to impact incarceration where he reached out to his attorney to express his confusion after the guilty plea hearing and indicated he wanted to take the five-and-a-half-year deal. However, this also ignores the fact the trial court specifically asked him if he understood the State was not agreeing to recommend impact incarceration.

¶ 33	Based on our review of the record, we conclude defendant did not receive ineffective assistance of counsel during guilty plea negotiations. Defense counsel informed defendant of the terms of the eight-year guilty plea, including the ability to ask for impact incarceration. Although she perhaps did not emphasize the State did not agree to recommend impact incarceration, defendant was well aware that it was not guaranteed and that he merely had the ability to ask the court to recommend impact incarceration. Accordingly, we affirm the judgment of the trial court.

¶ 34	                                    III. CONCLUSION

¶ 35	For the reasons stated, we affirm the trial court's judgment.

¶ 36	Affirmed.